811 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene HAUPRICHT, Larry Haupricht, Arthur Haupricht, Haupricht
Brothers, Plaintiffs-Appellants,
v.
Kenneth GARNO, Beverly Garno, Kenneth Garno, dba Garno Seed
Co., Beverly Garno, dba Garno Seed Co., Kenneth
Sell, Lynette Sell, Defendants-Appellees.
 No. 85-1461.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1986.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff Gene Haupricht appealed a jury verdict in favor of the defendants Kenneth Garno and Garno Seed Company on the defendants' counterclaim in this diversity breach of contract action.
 
 
 2
 It is apparent from a review of the record in its entirety that the substance of the plaintiff's second, fourth, fifth, sixth, and seventh assignments of error was considered and resolved by the special verdict of the jury in favor of the defendants. The verdict of the jury must be accorded considerable deference and will not be disturbed on appeal if the record reflects substantial evidence fairly tending to support the verdict. See Jenkins v. Whittaker Corp., 785 F.2d 720, 734 (9th Cir.1986); Wiskotoni v. Michigan National Bank-West, 716 F.2d 378, 383 (6th Cir.1983); Calhoun v. Baylor, 646 F.2d 1158, 1160 (6th Cir.1981). This court finds no error in the jury's verdict as implemented by the trial court in disposing of the issues which constituted the basis for the plaintiff's aforementioned assignments of error.
 
 
 3
 Subsequent to the jury verdict, the plaintiff filed a motion for a new trial with the district court wherein for the first time he advanced the application of Sec. 2-702 of the Uniform Commercial Code (UCC).[1] The district court denied the plaintiff's post-trial motion. This court in considering the plaintiff's first assignment of error predicated upon the trial court's refusal to apply the foregoing provision to the facts of this case concludes upon a review of the entire record that the cited section of the UCC was inapplicable inasmuch as the evidence as reflected by the special jury verdict did not support a conclusion that the defendants were insolvent and affirmatively disclosed that the agreement between the parties was more appropriately characterized as a joint venture rather than a seller-buyer relationship.
 
 
 4
 The plaintiff additionally urged as his third assignment of error on appeal that the district court erred in dismissing his fraud claim for failing to plead facts with particularity pursuant to Fed.R.Civ.P. 9(b). A review of the transcript of the pretrial proceedings reflected that, in response to the trial judge's repeated inquiries, plaintiff's counsel was unable to present any specific factual instances to support the generalized allegations of fraud, which failure provided sufficient basis for the district court's dismissal of that count. Finally, the plaintiff's eighth assignment of error challenged the district court's award of actual costs including attorney fees to the defendants for its failure to conduct a hearing preliminary to the award, which was imposed pursuant to Michigan mediation provisions, GCR Sec. 316.7(b)(1).[2] An examination of the pertinent provision evidences that a hearing is not required preliminary to awarding actual costs and attorney fees. The plaintiff having failed at trial to obtain a judgment against the defendants which was 10% greater than the mediation evaluation mandated by GCR Sec. 316.7(b)(1) and having also failed on appeal to enter exception to the specific amount of the fee authorized, this court concludes that the district court acted within its discretion in awarding the attorney fees.
 
 
 5
 This court having considered the totality of the plaintiff's issues joined on appeal, the record in its entirety, and the briefs submitted by counsel, the judgment of the district court is accordingly AFFIRMED.
 
 
 
 [1]
 UCC Sec. 2-702(1) provides: "Where the seller discovers the buyer to be insolvent he may refuse delivery except for cash including payment for all goods theretofore delivered under the contract, and stop delivery under this Article (Section 2-705)."
 
 
 [2]
 Michigan General Court Rule Sec. 316.7(b)(1) provides as follows:
 If the defendant accepts the evaluation but the plaintiff rejects it and the case proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the panel's evaluation, or pay actual costs to the defendant.